# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRYAN PERRY, | : | Civil No. 3:16-cv-1667 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| MICHAEL OVERMYER, *et al.*, | : | |
| Respondents | : | |

## MEMORANDUM

**I.   Background**

Petitioner Bryan Perry ("Petitioner"), an inmate currently confined at the State Correctional Institution at Forest, in Marienville, Pennsylvania, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner challenges a conviction and sentence imposed in the Dauphin County Court of Common Pleas. (*Id.*).

Presently pending before the Court is Petitioner's motion for appointment of counsel. (Doc. 29). For the reasons set forth below, the Court will deny the motion.

**II.   Discussion**

Although prisoners have no constitutional or statutory right to appointment of counsel in federal habeas corpus proceedings, *Coleman v. Thompson*, 501 U.S. 772, 752 (1991), the Court has broad discretionary power to appoint counsel to a financially eligible habeas

petitioner if "the interests of justice so require. . ." See 18 U.S.C. § 3006A(a)(2);[1] see also Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), aff'd, 275 F.3d 33 (3d Cir. 2001). The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the Court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the petitioner's case has some arguable merit in fact and law. Montgomery, 294 F.3d at 499. If a petitioner overcomes this threshold hurdle, other factors to be examined are:

1. the claimant's ability to present his or her own case;
2. the difficulty of the particular legal issues;
3. the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation;
4. the claimant's capacity to retain counsel on his or her own behalf;
5. the extent to which the case is likely to turn on credibility determinations; and
6. whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

---

[1] Any person seeking relief under 28 U.S.C. §§ 2241, 2254 or 2255 may be provided counsel, "[w]henever the United States magistrate or the court determines that the interests of justice so require" and such person is "financially eligible." 18 U.S.C. § 3006A(a)(2).

Assuming *arguendo* that the petition has merit, Petitioner fails to set forth any circumstances warranting appointment of counsel. See *Tabron*, 6 F.3d at 155-56. Petitioner requests counsel to ensure that his claims are properly set forth before the Court. (Doc. 29). However, Petitioner has demonstrated the ability to properly and forcefully prosecute his claims. Despite Petitioner's incarceration, investigation of the facts is not beyond his capabilities and he is familiar with the facts of his case. Moreover, the Court notes that it does not have a large group of attorneys who would represent this action in a *pro bono* capacity.

Based on the foregoing, it does not appear that Petitioner will suffer prejudice if forced to prosecute this case on his own. The Court's duty to construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), *Riley v. Jeffes*, 777 F.2d 143, 147-48 (3d Cir. 1985), coupled with Petitioner's apparent ability to litigate this action, militate against the appointment of counsel. Accordingly, the motion for appointment of counsel will be denied, however the denial will be without prejudice. As the Court in *Tabron* stated,

> [A]ppointment of counsel under § 1915(d) may be made at any point in the litigation and may be made by the district court *sua sponte* ... even if it does not appear until trial (or immediately before trial) that an indigent litigant is not capable of trying his or her case, the district court should consider appointment of counsel at that point.

*Tabron*, 6 F.3d at 156-57. Therefore, in the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of

Petitioner. To the extent that Petitioner requests an evidentiary hearing, a determination of whether an evidentiary hearing should be conducted will be held in abeyance pending full review of the habeas petition and record. *See* R. GOVERNING § 2254 CASES 8(a).

A separate Order shall issue.

Date: January 7th, 2019

Robert D. Mariani
United States District Judge